## Case No. 18,172.

### YOUNG v. POTT.

[4 Wash. C. C. 521.] [1]

Circuit Court, E. D. Pennsylvania. April Term, 1825.

CROSS BILL FOR DISCOVERY—JURISDICTIONAL FACTS.

After the cause on the original bill was set for hearing, the defendant was informed that the plaintiff was a nominal one, and that the real plaintiff was a citizen of the same state with the defendant. He immediately filed a cross bill charging this and asking a discovery. The original suit ought not to be heard until the cross bill is answered.

The bill states that the plaintiff and defendant entered into a written agreement for a purchase, by the former, from the latter, of a certain tract of land, for which he was to receive a good title, and was to pay a certain sum by instalments. That the plaintiff was put into possession, but the defendant having refused to convey the land according to his contract, and having brought an ejectment against the plaintiff to recover the land, which was removed from the state court to this, he prays for a specific performance, and for an injunction. No injunction was applied

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

for or granted. The defendant filed his answer in January last, and now, at this court, he filed also a cross bill; stating, that he had been informed that, before the filing of the original bill, the plaintiff had conveyed and assigned all his interest in the premises to a citizen of this state, and that the suit is carried on in the plaintiff's name, in order to give jurisdiction to this court, and praying for a discovery.

Mr. Rawle, for plaintiff, in the original bill, contended that the original cause, standing ready for hearing, should be brought on before an answer is filed to the cross bill.

Mr. Sergeant, for defendant.

BY THE COURT. The cross bill having been filed within a short time after the plaintiff in it had received information of the matter to which it relates, the original cause ought not to be heard until the answer is filed to the cross bill, particularly as the prayer of it is for a discovery of matter going to show, if true, that this court has not jurisdiction of the principal cause.

THE COURT having, during the present term, granted a writ of estrepment in the ejectment cause, refused, on the motion of the defendant in that cause, to discharge the writ in the present state of the equity causes. Unless the plaintiff should succeed on the equity side of the court in obtaining a decree for a conveyance, the defendant must inevitably obtain a judgment at law in the ejectment cause. Until that is decided, it is proper to prevent the commission of waste by the party in possession.